# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3616

_____

United States of America,

           Appellee,

v.

Anthony K. Anderson,

           Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: July 2, 2004
Filed:  July 29, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Anthony Anderson appeals the judgment the district court[1] entered after a jury found him guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced him to 15 months imprisonment and 3 years supervised release. Anderson's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), stating Anderson's beliefs that the police acted illegally in stopping his vehicle and searching

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

it, and that he had a right to carry a gun because he was planning to get his criminal record expunged and get the gun registered.

These points provide no basis for reversal. A police officer testified at trial that she observed the vehicle Anderson was driving run a stop sign, the passenger was arrested based on an outstanding probation violation, and the gun was found in a search of the vehicle pursuant to that arrest. See United States v. Searcy, 181 F.3d 975, 979 (8th Cir. 1999) (search of passenger compartment of vehicle following arrest of occupant is reasonable under Fourth Amendment); United States v. Coleman, 148 F.3d 897, 904 (8th Cir.) (traffic violations provide probable cause for police to stop vehicle), cert. denied, 525 U.S. 899 (1998). Given the undisputed evidence of a prior felony conviction, knowing possession of a firearm, and interstate nexus, see United States v. Jones, 266 F.3d 804, 813 (8th Cir. 2001) (elements of felon-in-possession offense), there is no merit to Anderson's contention that he had a right to carry a gun.

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court and grant counsel's motion to withdraw.

_____